IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 9 - 2005

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

UNITED STATES OF AMERICA, *ex rel* THOMAS ELLIOT,

    Petitioner,

v.

BLAIR J. LEIBACH,

    Respondent.

Case No. 03 C 6875

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Thomas Elliot (hereinafter, "Elliot"), an Illinois state prisoner, is serving 26-year concurrent term sentences for two burglary convictions. After an unsuccessful direct appeal and state post-conviction petition, Elliot filed a Petition for Writ of Habeas Corpus (hereinafter, the "Petition") pursuant to 28 U.S.C. § 2254. He asserts Fifth and Fourteenth Amendment due process and equal protection claims, an Eighth Amendment cruel and unusual punishment claim, and Sixth Amendment ineffective assistance of counsel claims.

### I. BACKGROUND

In 1997, a jury convicted Elliot of two counts of burglary and possession of burglary tools for breaking into and removing items from two parked cars. Judgment was not entered on his conviction for possession of burglary tools. The trial court sentenced Elliot

to concurrent 26-year prison terms for the burglary convictions based on his designation as a Class X offender. See 730 ILCS 5/5-5-3(c)(8) (1997); 730 ILCS 5/5-5-3.2(b)(1)(allowing for an extended sentence there are multiple prior convictions or other factors). During his sentencing, the trial court listed a number of factors, including: (1) a 1982 attempted burglary conviction where he received probation; (2) a 1983 burglary guilty plea where he received a 3-year sentence; (3) a 1984 indecent liberties with a child conviction where he received a 6-year sentence; (4) a 1988 residential burglary guilty plea where he received an 8-year sentence; and (5) a 1993 attempted residential burglary guilty plea where he received a 9-year sentence. The court also found that Elliot's pervasive drug and alcohol problem, his negative evaluations from a drug treatment program, and the fact that his probation and incarceration had no rehabilitative effect, even though only one of his previous crimes had been violent, necessitated a 26-year extended term sentence for the public's protection.

Elliot subsequently filed a direct appeal of his conviction and sentence to the Illinois Appellate Court, claiming that the trial court abused its discretion in sentencing him to concurrent 26-year terms. The conviction and sentence were affirmed by the appellate court. *People v. Elliot*, No. 1-97-4122 (1999). The

Illinois Supreme Court then denied Elliot's leave to appeal (No. 87974).

Elliot filed a state post-conviction petition, which was summarily dismissed by the circuit court and affirmed by the Illinois Appellate Court. *People v. Elliot*, No. 1-00-3004 (2001). The appellate court also granted the public defender's motion to withdraw as Elliot's counsel. On December 5, 2002, the supreme court denied Elliot's petition for leave to appeal (No. 92880).

Elliot then filed this Petition on September 29, 2003, raising the following claims:

(1) Denial of due process and cruel and unusual punishment because the trial court abused its discretion in sentencing Elliot to a 26-year term as a Class X offender;

(2) Ineffective assistance of trial counsel because trial counsel failed to subpoena the complainant at the motion to quash arrest;

(3) Ineffective assistance of appellate counsel on direct appeal because counsel only raised one issue, which Elliot claims had no foundation;

(4) Denial of due process and equal protection because the prosecutor withheld evidence, permitted a witness to testify falsely, attempted to cover up that the arresting officer lacked probable cause and submitted inadmissible evidence at trial; and

(5) Denial of due process and equal protection because the trial judge refused to answer a question submitted by the jury.

## II. **DISCUSSION**

### A. **Habeas Corpus Standards**

A state-court prisoner can petition the federal courts for habeas relief under § 2254. To have a cognizable claim, a petitioner must show that his custody is in violation of the U.S. Constitution, laws, or treaties. *Steward v. Gilmore,* 80 F.3d 1205, 1214 (7th Cir. 1996). All state-court remedies must be fully exhausted prior to the federal habeas petition. § 2254(b). Elliot has properly exhausted all of his state-court remedies. A petitioner also waives the right to federal review of his constitutional claims if they are procedurally defaulted. *Farrell v. Lane,* 939 F.2d 409, 411 (7th Cir. 1991)(failing to raise claims "in direct or post-conviction review" or denial of relief based on a state procedural bar results in procedural default). A petitioner "may raise a federal claim which has been procedurally defaulted if he can demonstrate adequate *cause* to excuse his failure to raise the claim in state court and actual *prejudice* resulting from the default." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

### B. **Procedural Default of Claims 2 through 5**

In his Petition, Elliot brings four claims that were not presented on direct appeal:

(1) Denial of due process and cruel and unusual punishment because the trial court abused its

- 4 -

        discretion in sentencing Elliot to a 26-year term as a Class X offender;

(2) Ineffective assistance of trial counsel because trial counsel failed to subpoena the complainant at the motion to quash arrest;

(3) Ineffective assistance of appellate counsel on direct appeal because counsel only raised one issue, which Elliot claims had no foundation;

(4) Denial of due process and equal protection because the prosecutor withheld evidence, permitted a witness to testify falsely, attempted to cover up that the arresting officer lacked probable cause and submitted inadmissible evidence at trial; and

(5) Denial of due process and equal protection because the trial judge refused to answer a question submitted by the jury.

The state responds that each of these remaining claims is procedurally defaulted and therefore precluded from substantive consideration. See *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995)(stating that "the petitioner [must have] raised all of his claims during the course of the state proceedings"). For the Court to consider these claims, Elliot must have presented fully and fairly his federal claims to the state courts. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The petitioner must have placed both the operative facts and the controlling legal principles before each level of the state court to give the state courts a meaningful opportunity to pass upon the substance of the claims. See *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001).

Elliot's state post-conviction leave to appeal rested on one issue. He claimed the Illinois' Post-Conviction Hearing Act, 725 ILCS 5/122-2.1 (1983), and the trial court's stage one dismissal of his post-conviction petition for lack of merit, violated Article IV, Section 8 of the Illinois Constitution. (See Res. Ex. L). He contended that the supreme court should reverse the dismissal on this basis alone and remand for the appointment of counsel and opportunity to amend the petition under 725 ILCS 5/122-4, -5 (1982). These contentions are not violations of federal law and Elliot is therefore foreclosed from federal review on Claims 2 through 5 because they were not properly presented in his leave to appeal. See Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

### C. Claim 1: Abuse of Discretion

Elliot claims violation of his due process rights because the trial court judge abused his discretion in sentencing him to 26-year concurrent terms as a Class X offender. After reviewing the record, the Court finds no evidence to support Elliot's claim and denies relief.

Under 730 ILCS 5/5-3(c)(8), an Illinois Court *shall* sentence a defendant as a Class X offender when he "is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are

separately brought and tried and arise out of different series of acts. . . ." In sentencing Elliot to an extended term, the Class X Enhancement Statute also states:

> The following factors may be considered by the court as reasons to impose an extended term sentence . . . : (1) When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, *excluding time spent in custody*, and such charges are separately brought and tried and arise out of different series of acts.

730 ILCS 5/5-5-3.2(b)(1) (emphasis added).

Elliot claims that the trial judge violated his due process rights by improperly using the same convictions to sentence him as a Class X offender and enhance his sentence. He also claims that the trial judge abused his discretion by considering three of the five prior convictions that are beyond the ten-year limitation in sentencing him to an extended term. First, the record does not indicate if the prior convictions fall within the statutory ten-year limitation when time spent in custody is excluded. However, due to the sentences imposed for those convictions, it is probable that they could all properly be considered. Regardless, Elliot has two felony convictions – 1988 and 1993 – that certainly fall within the ten-year limitation allowing the court statutory discretion in sentencing.

Second, if the court used the same convictions to classify Elliot as a Class X offender and enhance his sentence, the possible "double enhancement" would be improper and might raise a question of constitutionality. See *People v. Gomez*, 617 N.E.2d 320, 324-25 (Ill. App. 1993). The record is clear, however, that the trial court did not rely on the same convictions in both its classification and sentencing. The court was statutorily required to designate Elliot as a Class X offender on the basis of two of his five prior felony convictions. In sentencing Elliot to the extended term, the court properly could have considered the other three remaining convictions, but the record shows that the court also relied on several other factors in imposing an extended sentence. These included finding that Elliot's pervasive drug and alcohol problem, his negative evaluations from a drug treatment program, and the fact that his probation and incarceration had no rehabilitative effect, even though only one of his previous crimes had been violent, necessitated a 26-year extended sentence for the public's protection. In *Gomez,* the court stated that "the mere fact the defendant's sentence was enhanced to a Class X status because of recidivism, does not automatically entitle him to a near-minimum sentence." 617 N.E.2d at 324-25. Elliot's other cases are not applicable here because the trial court properly exercised its sentencing discretion.

Elliot also claims that the state court erred by giving him a sentence grossly disproportionate to the crime he was convicted of, thus violating his Eighth Amendment right to be free from cruel and unusual punishment. The sentence imposed by the trial court judge is within the guidelines authorized by the Illinois State Legislature under the Class X statute. When a sentence is within the range established by state law, "its severity is not sufficient grounds for relief on federal habeas corpus." *United States ex rel. Sluder v. Brantley*, 454 F.2d 1266, 1269 (7th Cir. 1972) (finding that a severe sentence does not mean it is constitutionally infirm).

For the above stated reasons, Elliot has not demonstrated that the trial court judge abused his discretion in violation of Elliot's constitutional rights. Therefore, the Court **denies** Claim 1 of the Petition.

### III.  CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. Claim 1 is non-cognizable and Claims 2 through 5 are procedurally defaulted.

**IT IS SO ORDERED.**

Dated: March 9, 2015

Harry D. Leinenweber, Judge
United States District Court